UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JOSEPH FRIEDMAN,

                Plaintiff,

-against-

DR. ABRAHAM BARTELL; UNITED JEWISH FEDERATION OF NEW YORK; HARVEY BACHMAN,

                Defendants.

22-CV-7630 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff Robert Joseph Friedman, who is appearing *pro se*, invokes the Court's diversity jurisdiction, asserting civil claims under the New York Child Victims Act for alleged sexual abuse committed by Defendant Dr. Abraham Bartell while Plaintiff was a camper at Camp Hatikvah – which he alleges was sponsored and financed by Defendant United Jewish Federation of New York and directed by Defendant Harvey Bachman – in Westchester County in the summer of 1982.

    By order dated September 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 3.) On December 12, 2022, the Court ordered the U.S. Marshals Service ("USMS") to effect service on Dr. Abraham Bartell and the United Jewish Federation of New York, both of whom are residents of New York. (ECF No. 6.) On May 19, 2023, the Court permitted Plaintiff to amend his Complaint to add Defendant Bachman, a resident of Israel. (*See* Minute Entry dated May 19, 2023.)

    For the reasons discussed below, the Court directs service on Defendant Bachman via international mail.

## DISCUSSION

USMS cannot serve individuals or other entities in other countries. *See Cross v. State Farm Ins. Co.*, No. 10-CV-1179, 2011 WL 13234729, at *2 n.3 (N.D.N.Y. Nov. 7, 2011). To allow Plaintiff to serve Bachman, who resides in Bet Shemesh, Israel, the Clerk of the Court is instructed to issue a summons to Harvey Bachman, and send a copy of the summons and the amended complaint to Defendant Bachman via international mail. *See* Fed. R. Civ. P. 4(f)(1) (authorizing service on individuals or other entities in other countries pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention")). Both Israel and the United States are signatories to the Hague Service Convention. *See HCCH Members*, HHCH, https://www.hcch.net/en/states/hcch-members (last visited June 2, 2023); *Treeline Inv. Partners, LP v. Koren*, No. 07-CV-1964, 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007); *Wanke v. Invasix Inc.*, No. 19-CV-0692, 2020 WL 2542594, at *5 (M.D. Tenn. May 19, 2020).

The U.S. Supreme Court has held that Article 10(a) of the Hague Service Convention provides that, "as long as the receiving state does not object, the Convention does not 'interfere with . . . the freedom' to serve documents through postal channels." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017) (quoting Hague Service Convention art. 10(a), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638). Accordingly, "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.*; *see Commodity Futures Trading Comm'n v. Mikkelsen*, No. 20-CV-3833, 2021 WL 4207050, at *2-3 (S.D.N.Y. Aug. 27, 2021).

"[T]he first condition is easily met, since Israel does not object to Article 10(a) of the Hague Convention." *Appel v. Hayut*, No. 20-CV-6265, 2020 WL 7211212, at *1 (S.D.N.Y. Dec. 7, 2020) (citing *Treeline*, 2007 WL 1933860, at *5). The second condition is also satisfied because "it appears that Israel does allow for service by mail" *Appel*, 2020 WL 7211212, at *1 (citing Chapter 32 Civil Law Procedure Regulations 5744-1984), and service by mail under Article 10(a) is proper under Federal Rule of Civil Procedure 4(f)(2)(c)(ii), *Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 130 (W.D. Tex. 2020).

## CONCLUSION

The Court directs the Clerk of Court to send a copy of the summons and the amended complaint to Defendant Harvey Bachman at Nachal Dolev Streeet 1, Bet Shemesh, Israel, by international mail.

The Court further directs the Clerk of Court to mail a copy of this order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 5, 2023
         New York, New York

_____
CATHY SEIBEL
United States District Judge