UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT FRIEDMAN,

                    Plaintiff,

          -against-

DR. ABRAHAM BARTELL, HARVEY
BACHMAN and UNITED JEWISH
FEDERATION OF N.Y.,

                    Defendants.

**<u>OPINION AND ORDER</u>**

22-CV-07630 (PMH)

PHILIP M. HALPERN, United States District Judge:

Robert Friedman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action against United Jewish Appeal-Federation of Jewish Philanthropies of New York, Inc. ("UJA")[1] and Dr. Abraham Bartell ("Bartell" and together, "Defendants"), alleging that he was sexually abused when he attended Camp Hatikvah (the "Camp") during the summer of 1982. (Doc. 2, "Compl."). Plaintiff filed an Amended Complaint on June 1, 2023, adding Harvey Bachman ("Bachman") as a defendant. (Doc. 21, "AC").

Defendants each filed a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 24; Doc. 25; Doc. 28). Plaintiff filed opposition (Doc. 29, "Pl. Opp."), and Defendants' motions to dismiss were fully briefed with the filing of their reply memoranda of law on October 23, 2023. (Doc. 32; Doc. 33).[2]

For the reasons set forth below, Defendants' motions to dismiss are GRANTED.

---

[1] Plaintiff sued UJA as "The United Jewish Federation of N.Y." (*See* Compl. at 1).

[2] This action was reassigned to this Court on February 26, 2024.

## BACKGROUND

Plaintiff alleges that he was sexually abused when he attended the Camp during the summer of 1982, when he was 13 years old.  (Compl. at 7; AC at 7; Pl. Opp. at 1-2).[3]  During that summer, Bachman served as the Camp's director.  (AC at 7).  Plaintiff recalls seeing a sign in front of the Camp's office bearing UJA's name, and he believes that UJA sponsored and financed the Camp. (*Id.*).  Bartell was Plaintiff's camp counselor, and repeatedly told Plaintiff hundreds to thousands of perverted jokes regarding the campers' mothers during Plaintiff's month-long stay at the Camp. (*Id.*; Pl. Opp. at 1).  Plaintiff alleges that Bartell also physically assaulted him: on one occasion, Bartell purportedly pounded on Plaintiff's head several times for no apparent reason, leaving Plaintiff in extreme pain (AC at 7); and on three other occasions, Bartell purportedly kicked Plaintiff "in [his] private parts and groin and buttocks" while smiling and telling Plaintiff that he was doing this "for [Plaintiff's] f----n mother" and that "[Plaintiff's] f----n mother will enjoy that" (*id.* at 7-8).  Plaintiff alleges that Bartell performed these actions for his own sexual gratification. (*Id.* at 8).  On a separate occasion, Bartell took Plaintiff to a quiet area of the camp and told him that he read all of Plaintiff's mail intended for Plaintiff's parents.  (*Id.* at 7; Pl. Opp. at 1).

Plaintiff repeatedly complained about Bartell's conduct to Bachman, who always defended Bartell, yelled at Plaintiff, and told Plaintiff to "shut [his] mouth and never question [Bartell's] integrity or get the camp in trouble."  (AC at 7; *see id.* at 8).  These responses scared Plaintiff.  (*Id.* at 8).  Plaintiff also alleges that Bachman repeatedly threatened him during his childhood while

---

[3] *See Voltaire v. Westchester Cnty. Dep't of Soc. Servs.*, No. 11-CV-08876, 2016 WL 4540837, at *3 (S.D.N.Y. Aug. 29, 2016) ("[A] court is permitted to consider factual allegations in *pro se* plaintiffs' preceding complaints in order to supplement those in amended complaints."); *Braxton v. Nichols*, No. 08-CV-08568, 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) ("[A]llegations made in a *pro se* plaintiff's memorandum of law, where they are consistent with those in the complaint, may also be considered on a motion to dismiss.").  For ease of reference, all citations to the Complaint, Amended Complaint, and Plaintiff's Opposition use the pagination set by the Court's Electronic Case Filing system ("ECF").

Plaintiff was a student at a yeshiva in Brooklyn where Bachman worked as a psychologist. (*Id.*). Plaintiff maintains that these experiences at the Camp worsened his Tourette syndrome, caused him to suffer "many sleepless nights," triggered traumatic flashbacks, and exacerbated the ulcerative colitis that he has had since he was 17 years old. (*Id.*).

Plaintiff filed this lawsuit on September 9, 2022 – roughly forty years after these events occurred. He asserted the existence of diversity jurisdiction and purports to assert claims under the New York Child Victims Act (the "CVA") against Bartell and UJA. (*See* Compl. at 2-4). As the CVA does not create a cause of action, *see, e.g.*, *AA by BB v. Hammondsport Cent. Sch. Dist.*, 527 F. Supp. 3d 501, 509 (W.D.N.Y. 2021),[4] given the liberality afforded *pro se* pleadings, the Amended Complaint is construed as alleging state-law claims for assault and battery.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

---

[4] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170.  The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'"  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

I.  Statute of Limitations and The Child Victims Act

"Because the lapse of a limitations period is an affirmative defense that a defendant must plead and prove, it may be raised in a Fed. R. Civ. P. 12(b) motion to dismiss only if the defense appears on the face of the complaint."  *Garrasi v. Wells Fargo Bank, N.A.*, No. 22-921, 2024 WL 191802, at *1 (2d Cir. Jan. 18, 2024); *see Doe v. Maier*, No. 18-CV-04956, 2020 WL 9812927, at *11 (E.D.N.Y. Mar. 24, 2020) ("Claims may be dismissed as untimely when the plaintiff's factual allegations demonstrate that relief would be barred by the applicable statute of limitations."); *Ines Figueroa v. Ponce De Leon Fed. Bank.*, No. 11-CV-07633, 2012 WL 3264552, at *1 (S.D.N.Y. Aug. 10, 2012) ("A complaint may be dismissed as untimely when the plaintiff's allegations themselves demonstrate that relief is barred by the applicable statute of limitations." (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007))).

Plaintiff asserts claims involving tortious and negligent acts or omissions resulting from alleged sexually abusive conduct while Plaintiff was thirteen years old.  (AC at 7-8; Pl. Opp. at 1-

3).  In diversity cases such as this one,[5] "federal court[s] sitting in New York must apply the New

York choice-of-law rules and statutes of limitations."  *Baker v. Stryker Corp.*, 770 F. App'x 12,

14 (2d Cir. 2019) (summary order).

Under New York law, the statute of limitations for intentional torts is one year.  N.Y.

C.P.L.R. § 215(3); *see Tounkara v. Republic of Senegal*, No. 21-CV-08027, 2023 WL 8592040,

at *24 (S.D.N.Y. Dec. 7, 2023) ("The statute of limitations for assault and battery under New York

law is one year."), *adopted by* 2023 WL 8936350 (S.D.N.Y. Dec. 27, 2023); *Scifo v. Taibi*, 156

N.Y.S.3d 40, 42 (App. Div. 2021) ("The Supreme Court correctly granted that branch of the

defendants' motion which was to dismiss the intentional tort causes of action as time-barred

according to their applicable one-year statute of limitations.").  Personal injury claims involving

negligence are governed by a three-year statute of limitations.  N.Y. C.P.L.R. § 214(5); *see Baker*,

770 F. App'x at 14; *Tounkara*, 2023 WL 8592040, at *24 ("[Plaintiff's] other claims, which sound

in negligence, are subject to a three-year statute of limitations.").  "Generally, under New York

law, a cause of action does not accrue until an injury is sustained."  *Baker*, 770 F. App'x at 14.

Both the one-year intentional tort and the three-year negligence statutes of limitations are tolled

under New York law until a plaintiff reaches the age of majority – *i.e.*, until the plaintiff turns

eighteen.  N.Y. C.P.L.R. § 208(a); *see Twersky v. Yeshiva Univ.*, 579 F. App'x 7, 9 (2d Cir. 2014)

(summary order) (N.Y. C.P.L.R. § 208(a) tolls statute of limitations "until a plaintiff reaches 18

years of age"); *Marino v. Weiler*, 197 N.Y.S.3d 648, 649 (App. Div. 2023) ("[E]ach of plaintiff's

---

[5] Plaintiff is a citizen of Ohio (*see* AC at 2-3), Defendants are citizens of New York (*see* Compl. at 4; AC
at 3), and while not entirely clear, it appears that Plaintiff alleges that Defendant Bachman is a citizen of
Israel (*see* AC at 3). While Plaintiff also asserted that the Court has federal question jurisdiction (*see id*. at
2), he has not identified, in his pleadings or briefing, any federal statute or federal constitutional rights that
Defendants purportedly violated.

remaining causes of action . . . expired on April 23, 2018, three years after she turned 18 and her infancy ceased.").

Here, Plaintiff turned fifty-four on August 6, 2022.  (Compl. at 6).  This means that his date of birth is August 6, 1968, and he turned eighteen in August 1986.  Thus, the one-year limitations period for intentional tort claims ran in August 1987, and the three-year limitations period for negligence claims ran in August 1989, both more than thirty years before Plaintiff filed this lawsuit on September 6, 2022.

The CVA, enacted on February 14, 2019, created N.Y. C.P.L.R. § 214-g, which "'revives the time to commence civil actions based upon certain conduct which would constitute a sexual offense committed against children less than 18 years of age.'"  *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023) (quoting *Fenton v. State*, 183 N.Y.S.3d 529, 532 (App. Div. 2023)).  The statute reads, in relevant part:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age . . . which is barred as of the effective date of this section because the applicable period of limitation has expired . . . is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section.

N.Y. C.P.L.R. § 214-g; *see In re Roman Catholic Diocese of Syracuse, N.Y.*, 628 B.R. 571, 574 n.2 (Bankr. N.D.N.Y. 2021) ("The [CVA] allowed those victims until August 14, 2020, to file such lawsuits.  Subsequently, the deadline for filing a lawsuit was extended to August 14, 2021 due to the COVID-19 pandemic.").

Here, as stated above, Plaintiff's claims were time-barred under New York law as of the time of the CVA's enactment in February 2019. Assuming – without deciding – that the alleged conduct falls under the CVA, Plaintiff could have pursued and revived those claims only if he did so by the statutory deadline, as amended, of August 14, 2021. Plaintiff filed this lawsuit on September 6, 2022, more than a year after that deadline. (*See* Compl. at 7). Thus, Plaintiff cannot bring these claims under the CVA's revival provision. *See Jones v. N.Y.P.D.*, No. 23-CV-09515, 2024 WL 325361, at *2 (S.D.N.Y. Jan. 29, 2024).

Plaintiff argues that he can pursue these claims under the CVA because he filed this lawsuit before he turned fifty-five years old, (*see* Compl. at 6), presumably referring to New York's tolling statute for infancy and insanity, N.Y. C.P.L.R. § 208. The CVA amended § 208 to add subsection 208(b), which states, in relevant part, as follows:

> Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . with respect to all civil claims or causes of action brought by any person for physical, psychological or other injury or condition suffered by such person as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was less than eighteen years of age . . . such action may be commenced, against any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of said conduct, on or before the plaintiff or infant plaintiff reaches the age of fifty-five years.

N.Y. C.P.L.R. § 208(b).

Section § 208(b) "extend[s] the statute of limitations for child sexual abuse claims moving forward" if they accrued while a plaintiff was still a minor as of February 14, 2019. *Jones*, 2024 WL 325361, at *1 n.2; *see id.* (subsection 208(b) did not apply to plaintiff's claims because they had "accrued before February 14, 2019[] and were already time-barred at the time of the CVA's enactment"); *Kidder v. Hanes*, No. 21-CV-01109, 2023 WL 361200, at *9 (W.D.N.Y. Jan. 23, 2023) ("CPLR 208(b) now extends the infancy toll for child victim of sexual abuse until that victim

reached the age of 55 as of the [CVA's] February 14, 2019, effective date."); *Disalvo v. Wayland-Cohocton Cent. Sch. Dist.*, 193 N.Y.S.3d 786, 789 (App. Div. 2023) ("[T]he CVA amended CPLR 208 (b) to *prospectively* and permanently allow all victims of child sexual abuse to pursue those claims until age 55, whereas CPLR 214-g was enacted to provide temporary *retrospective* relief for all claims – regardless of age – for a limited and discrete period of time." (emphasis in original)); *LG 67 Doe v. Resurrection Lutheran Church*, 164 N.Y.S.3d 803, 805 (N.Y. Sup. Ct. 2022) (CVA added an age cap of fifty-five under N.Y. C.P.L.R § 208(b) to "new claims not previously precluded"); Vincent C. Alexander, Practice Commentary, N.Y. C.P.L.R. § 208 ("As to victims whose civil actions were already barred on February 14, 2019, as a result of pre-existing limitations laws or notice-of-claims restrictions, a new CPLR 214-g creates a . . . revival period that runs from February 14, 2019."); *see also* Vincent C. Alexander, Practice Commentary, N.Y. C.P.L.R. § 214-g ("[The CVA] was intended primarily to revive civil claims by persons subjected to sexual abuse when they were under the age of 18 but whose claims have become time-barred, and also to provide a more generous toll for such claims in the future.  The first of these goals was achieved by CPLR 214-g, and the second by amendments to CPLR 208, the toll for infancy.").

Plaintiff's claims accrued well before February 14, 2019, and the claims were already time-barred under New York's statutes of limitations by that date.  Thus, N.Y. C.P.L.R. § 208(b) does not apply to Plaintiff's claims, which remain untimely.  *See Jones*, 2024 WL 325361, at *1 n.2 ("Under [N.Y. C.P.L.R. § 208(b)], effective February 14, 2019, a plaintiff whose sexual abuse claim accrues while he is still a minor has until he is age 55 to file a sexual abuse claim.  Because Plaintiff's claims accrued before February 14, 2019, and were already time-barred at the time of the CVA's enactment, Section 208(b) does not apply to his claims."); *Doe v. N.Y.C. Dep't of Educ.*, 669 F. Supp. 3d 160, 164 n.2 (E.D.N.Y. 2023) (N.Y. C.P.L.R. § 208(b) does not "revive[] past

claims" but rather "only extends the statute of limitations prospectively"); *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, No. 19-CV-00707, 2022 WL 2124608, at *5-6 (W.D.N.Y. June 13, 2022) (noting error by plaintiff's counsel who mistakenly believed that N.Y. C.P.L.R. § 208(b), "which extended the infancy toll," applied to plaintiff's claims rather than N.Y. C.P.L.R. § 214-g, "which revived previously time-barred claims").[6]

In short, Section 214-g was for claims already time-barred as of February 14, 2019, and Section 208(b) is for claims that were not time-barred as of that date. Plaintiff's claims fall within the former category, but he did not sue within the window provided by Section 214-g, and therefore it is plain from the face of the Amended Complaint that his claims are time-barred.[7]

Accordingly, Defendants' motions to dismiss are granted and the Amended Complaint is dismissed for failure to state a claim on which relief may be granted.[8]

---

[6] Given the conclusions reached herein, the Court need not and does not reach the questions of whether the alleged conduct would constitute a sexual offense under the statute or whether UJA owed any duty to Plaintiff.

[7] Plaintiff does not argue that equitable tolling should apply here, but, given Plaintiff's *pro se* status, the Court nevertheless considers the issue. Equitable tolling is appropriate "only in rare and exceptional circumstances, where extraordinary circumstances prevented a party from timely performing a required act, and the party acted with reasonable diligence throughout the period he sought to toll." *Syfert v. City of Rome*, 768 F. App'x 66, 68 (2d Cir. 2019) (summary order); *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (to same effect). Plaintiff has not alleged facts suggesting that unusual or exceptional circumstances exist, and thus has not shown that equitable tolling is appropriate. *See Jones v. N.Y.P.D.*, No. 23-CV-09515, 2024 WL 37101, at *4 (S.D.N.Y. Jan. 2, 2024) ("Because Plaintiff's . . . state law claims are untimely and he does not allege any facts demonstrating that equitable tolling should apply, the Court dismisses such claims for failure to state a claim on which relief may be granted.").

[8] *See Jones,* 549 U.S. at 215 ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. . . ."); 5B Wright & Miller, *Federal Practice and Procedure* § 1357 (4th ed.) ("The most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6) is a complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief. . . ."); *see also Khalil v. Pratt Institute*, 818 F. App'x 115, 116 (2d Cir. 2020) (summary order) ("A complaint that is time-barred fails to state a claim on which relief may be granted. . . .").

II.   Defendant Bachman

On May 31, 2023, Plaintiff requested that the U.S. Marshals Service serve Bachman by international mail at "1 Nachal Dolev, Beth Shemesh, Israel." (Doc. 19). The Court then directed the Clerk of Court to serve Bachman at that address via international mail, explaining to Plaintiff that the Marshals could not serve Bachman as he resides in another county. (*See* Doc. 22; *id.* at 2 (citing *Cross v. State Farm Ins. Co.*, No. 10-CV-01179, 2011 WL 13234729, at *2 n.3 (N.D.N.Y. Nov. 7, 2011))). Plaintiff twice thereafter provided updated addresses for Bachman (Doc. 30, Doc. 36), and the Court directed the Clerk of Court to serve Bachman by international mail at those addresses (Doc. 31, Doc. 37). As of the date of this opinion, Bachman has not appeared and there is no indication that he has received the summons and complaints.

Because the Court has "already found that Plaintiff cannot assert a viable claim [against Defendants UJA and Bartell] and that finding would apply equally to a claim against [Bachman] . . . it is appropriate for the Court to dismiss Plaintiff's claims as to [Bachman] *sua sponte*." *Brown v. Womack*, No. 16-CV-00031, 2019 WL 4689166, at *7 (W.D.N.Y. Sept. 26, 2019) (collecting cases); *see McLennon v. New York City*, No. 13-CV-00128, 2015 WL 1475819, at *3 n.9 (E.D.N.Y. Mar. 31, 2015) ("As the court's rulings herein would apply equally to the non-moving defendants in this case, the court dismisses plaintiffs' . . . claims for failure to state a claim as to the non-moving and unserved defendants *sua sponte*."); *Salvani v. ADVFN PLC*, 50 F. Supp. 3d 459, 463 n.2 (S.D.N.Y. 2014) ("[B]ecause Plaintiffs' claims against [the unserved] defendant[] suffer from the same deficiencies as against [the served defendants], the Court will treat the instant

motion[s] as if [they] were brought on behalf of all defendants."), *aff'd sub nom. Salvani v. InvestorsHub.com, Inc.*, 628 F. App'x 784 (2d Cir. 2015) (summary order).[9]

III.   Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Plaintiff has already amended once, and has not asked to amend again or otherwise suggested that he is in possession of facts that would cure the deficiencies identified in this opinion. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (deciding that the plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding that district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (*per curiam*) (district court did not abuse its discretion by not granting leave to amend where there was no indication as to what might have been added to make complaint viable and plaintiffs did not request leave to amend). Indeed, "[t]he problem

---

[9] To the extent Plaintiff requests a default judgment against Bachman, (Pl. Opp. at 1, 3), that request is denied on the grounds that the claims are time-barred and because it is unknown if Bachman is on notice of this lawsuit, given the lack of certainty regarding his address. *See Thuman v. Dembski*, No. 13-CV-01087, 2022 WL 958314, at *5 (W.D.N.Y. Jan. 25, 2022) ("[A] party moving for default judgment 'must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process.'" (quoting *Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order))).

with [Plaintiff's] causes of action is substantive," and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Kane*, 80 F.4th at 111 (amendment futile because it "would not cure the fact that [plaintiff's] claims are time barred").

Accordingly, the Court declines to grant leave to amend *sua sponte*.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motions to dismiss are GRANTED and Plaintiff's claims are dismissed with prejudice.

The Clerk of the Court is respectfully directed to terminate the pending motions (Doc. 24, Doc. 28) and to close this case.

**SO ORDERED:**

Dated: White Plains, New York
       March 12, 2024

_____
Philip M. Halpern
United States District Judge